UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AJA DEION LACEY,<br><br>          Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>          Defendants. | CASE NO. 3:23-CV-5371-DGE-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 25, 2023 |

This matter has been assigned by the District Court to Chief Magistrate Judge David W. Christel. Plaintiff Aja Deion Lacey, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. On June 22, 2023, the Court reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A. Dkt. 14. The Court determined Plaintiff failed to state a claim upon which relief can be granted but provided Plaintiff with leave to file an amended complaint. *Id*. On July 18, 2023, Plaintiff filed a proposed Amended Complaint. Dkt. 17.

The Court has considered Plaintiff's proposed Amended Complaint and concludes Plaintiff has not corrected the deficiencies discussed in the Court's prior order, and the proposed

REPORT AND RECOMMENDATION - 1

|   |   |
|---|---|
| 1 | Amended Complaint therefore fails to state a claim upon which relief can be granted. |
| 2 | Accordingly, the Court recommends this case be dismissed without prejudice. |

### I. BACKGROUND

Plaintiff, a pretrial detainee confined in the Pierce County Jail, initiated this matter on April 26, 2023, filing a proposed Complaint alleging claims under 42 U.S.C. § 1983. Dkt. 1. The original proposed Complaint alleged Plaintiff's constitutional rights have been violated because he has been held in the Pierce County Jail since March 30, 2023 without admission to Western State Hospital for competency restoration services. Dkt. 1. The proposed Complaint sought an award of monetary damages and named as defendants the State of Washington, "Tacoma Superior Court" and the Pierce County Jail. *Id*.

The Court screened the original proposed Complaint pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915A(a) ("PLRA"). Dkt. 14. The Court found the proposed Complaint was defective and declined to serve it because it did not name a proper defendant that could be sued under 28 U.S.C. § 1983. *Id*. The Court specifically instructed Plaintiff that the State of Washington and its agencies are not "persons" under 42 U.S..C. 1983 and cannot be sued for damages. Dkt. 14 at 3. The Court gave Plaintiff leave to amend his Complaint and warned that a failure to do before the deadline set by the Court could result in dismissal of this action. *Id*.

On July 18, 2023, Plaintiff filed a proposed Amended Complaint. Dkt. 17. The proposed Amended Complaint continues to allege Defendants violated Plaintiff's constitutional rights by failing to timely provide competency restoration services, and seeks monetary damages. The proposed Amended Complaint names as defendants three arms of the State of Washington: the

Washington Department of Social and Health Services ("DSHS"), Western State Hospital ("WSH") and the "Ft. Steilacoom Restoration Center." Dkt. 17.

## II. DISCUSSION

**A. Legal Standards**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

**B. Improper Defendants**

None of the defendants Plaintiff has named in his proposed Amended Complaint is a proper defendant in a § 1983 action.

All three named Defendants are arms or agencies of the State of Washington. As Plaintiff was previously informed, the United States Supreme Court has made clear that states and state agencies are not "persons" who can be sued for constitutional violations under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that under the Eleventh Amendment, a nonconsenting state is immune from suits for damages brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982).

Neither the State of Washington nor its agencies may be sued under § 1983. As all of the named Defendants are arms of the State, Plaintiff has not named a proper Defendant in this action. Plaintiff's Amended Complaint therefore fails to state a claim upon which relief can be granted.

### III. LEAVE TO AMEND

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). Plaintiff has been allowed to amend his proposed Complaint and the Court instructed Plaintiff regarding its deficiencies. Dkt. 14. The deficiencies identified in the proposed Complaint remain in the proposed Amended Complaint. *See* Dkt. 17.

As Plaintiff has been notified of the deficiencies and still has failed to provide a severable complaint, the Court finds Plaintiff cannot overcome the deficiencies of his proposed Amended Complaint by an additional amendment. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## IV. CONCLUSION

For the above stated reasons, the undersigned recommends this case be dismissed without prejudice for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

1  August 25, 2023, as noted in the caption.

2  Dated this 7th day of August, 2023.

*David W. Christel*
David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6